**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

TERRELL TERRY, Individually and on
Behalf of All Others Similarly Situated,

                            Plaintiff,

    v.

KOHL'S, INC.,

                           Defendant.

Case No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Terrell Terry, by his attorneys, brings this action individually and on behalf of all others similarly situated (the "Class") against Defendant Kohl's, Inc. ("Kohl's"). Plaintiff makes the following allegations upon information and belief (except those allegations as to Plaintiff or his attorneys, which are based on personal knowledge), based upon an investigation that is reasonable under the circumstances, which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

## INTRODUCTION

1. This class action arises out of Defendant's collection, storage, and use of Plaintiff's and the Class's (defined below) biometric identifiers[1] and biometric information[2] (referred to collectively as "Biometric Data") without obtaining informed written consent or providing consumers with data retention and destruction policies.

---

[1] "'Biometric identifier' means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

[2] "'Biometric information' means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.*

1

2.      Biometric Data is particularly sensitive personal information.   As the Illinois Legislature has found, "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information."  740 ILCS 14/5(c) (Biometric Information Privacy Act or "BIPA").   "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions."  *Id.*

3.      In recognition of these concerns over the security of individuals' Biometric Data, the Illinois Legislature enacted BIPA, which provides, among other things, that a private entity may not obtain and/or possess an individual's Biometric Data unless it:  (1) informs that person (or their representative) in writing that a biometric identifier or biometric information is being collected or stored;[3] (2) informs that person in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;[4] (3) receives a written release from the person (or their representative) for the collection of his or her biometric identifier or information;[5] and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying Biometric Data.[6]  Further, the entity must store, transmit, and protect from disclosure all Biometric Data using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information.[7]  No private entity may sell, lease, trade, or otherwise profit from a person's or customer's Biometric Data.[8]  Finally, no private entity may disclose, redisclose, or

---

[3]      740 ILCS 14/15(b)(1).
[4]      740 ILCS 14/15(b)(2).
[5]      740 ILCS 14/15(b)(3).
[6]      740 ILCS 14/15(a).
[7]      740 ILCS 14/15(e).
[8]      740 ILCS 14/15(c).

otherwise disseminate a person's Biometric Data except with the subject's consent, to complete a financial transaction requested by the customer, or other narrowly prescribed situations.[9]

4.      In direct violation of each of the foregoing provisions of §15 of BIPA, as alleged here, Defendant is and has been actively collecting, storing, and using – without providing notice, obtaining informed written consent, or publishing data retention policies – the Biometric Data of thousands of Illinois residents who have entered Kohl's stores.

5.      Kohl's stores in Illinois are outfitted with cameras and advanced video surveillance systems that – unbeknownst to customers – surreptitiously collect, possess, or otherwise obtain Biometric Data.

6.      Kohl's does not notify customers of this fact prior to store entry, nor does it obtain consent prior to collecting its customers' Biometric Data.  Further, Kohl's does not provide a publicly available policy establishing a retention schedule and guidelines for permanently destroying this Biometric Data.

7.      In addition, Kohl's uses software provided by Clearview AI, Inc. ("Clearview") to match facial scans taken in its Illinois stores with billions of facial scans maintained within Clearview's massive facial recognition database (the "Biometric Database").

8.      Kohl's does not notify customers of this fact prior to store entry, nor does it obtain consent prior to disseminating or disclosing its customers' Biometric Data through Clearview's Biometric Database.

9.      BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know about the inherent risks of Biometric Data storage, collection, and use, and a right to know how long such risks will persist.

---

[9]      740 ILCS 14/15(d).

10.     Moreover, the collection of this Biometric Data violates certain statutory and common law rights of consumers.  For example, the Illinois Constitution states:  "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, *privacy*, property or reputation. He shall obtain justice by law, freely, completely, and promptly." IL Const. Art. I, Sec. 12. (Emphasis added).

11.     Defendant failed to comply with its duties under Illinois law.  Kohl's did not and does not adequately disclose its Biometric Data collection practices to its customers, never obtained written consent from any of its customers regarding its Biometric Data practices, and never provided any data retention or destruction policies to any of its customers.  Moreover, Kohl's invaded Plaintiff's and the Class's privacy through the unauthorized collection, retention, and use of Plaintiff's Biometric Data.

12.     Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents.

13.     Plaintiff also brings this action to recover statutory damages for Defendant's unauthorized collection, storage, and use of these individuals' Biometric Data.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. §1332(d), because: (1) the proposed class consists of over 100 members; (2) the parties are minimally diverse, as members of the class of plaintiffs are citizens of a state different from Defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

15.     This Court has personal jurisdiction over Defendant because Kohl's owns and operates dozens of Kohl's stores in the state of Illinois.  Defendant used and disseminated data derived

4

directly from Illinois consumers, including Plaintiff, and exposed residents of Illinois to ongoing privacy risks within Illinois based on the collection, capture, obtainment, disclosure, redisclosure, and dissemination of Biometric Data. Furthermore, the images and recordings Defendant used for the unlawful collection, capture, and obtainment of Biometric Data were taken at Kohl's stores located in the state of Illinois. Defendant knew, or should have known, that its collection, capture, obtainment, disclosure, redisclosure, and dissemination of impacted individuals' Biometric Data would injure Illinois residents and citizens. Defendant knew or had reason to know that collecting, storing, using, disclosing, and disseminating Illinois citizens' and residents' Biometric Data without providing the requisite notice or obtaining the requisite consent would deprive Illinois citizens and residents of their statutorily protected privacy rights, neutralize Illinois citizens' and residents' ability to control access to their Biometric Data, and expose Illinois residents to potential surveillance and other privacy harms as they went about their lives within the State.

16. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the acts or omissions giving rise to the claims occurred here.

## PARTIES

### *Plaintiff Terrell Terry*

17. Plaintiff Terrell Terry is a citizen and resident of Illinois.

### *Defendant Kohl's, Inc.*

18. Defendant Kohl's, Inc. is a Delaware corporation with its corporate headquarters located in Menomonee Falls, Wisconsin.

## FACTUAL ALLEGATIONS

### I.     ILLINOIS'S BIOMETRIC INFORMATION PRIVACY ACT

19.     In 2008, the Illinois Legislature enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it comes to biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276.  BIPA makes it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (l) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

20.     To facilitate these informed notice and consent provisions, Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

21.     Section 15(c) of the BIPA makes it unlawful for any private entity to, among other things, "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

22.     Section 15(d) of the BIPA makes it unlawful for any private entity to, among other things:

> [D]isclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information . . . consents to the disclosure or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information . . .; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

740 ILCS 14/15(d).

23.     To enforce BIPA's requirements, the statute includes a private right of action authorizing "[a]ny person aggrieved by a violation" to sue and recover for each violation damages of $1,000 for a negligent violation, or $5,000 in the event of an intentional or reckless violation, plus attorneys' fees, costs, and appropriate injunctive relief.  740 ILCS 14/20.

24.     As alleged below, Kohl's practice of collecting, storing, and using individuals' Biometric Data without obtaining informed written consent violates all three prongs of §15(b) of BIPA.  Kohl's failure to provide a publicly available written policy regarding a schedule and guidelines for the retention and permanent destruction of individuals' Biometric Data also violates §15(a) of BIPA.  Kohl's use of Clearview's Biometric Database was an unlawful dissemination and disclosure of Biometric Data, in violation of §§15(c)-(d) of BIPA.

## II.     KOHL'S BUSINESS OPERATIONS AND SURVEILLANCE SYSTEMS

23.     Kohl's is a major brick-and-mortar retailer, with more than 1,100 stores in 49 states. There are currently 66 Kohl's stores in the state of Illinois.

24.     Every Kohl's store is outfitted with cameras and video surveillance, and many of them have the capability to collect Biometric Data.

25.     Unbeknownst to its customers, Kohl's security systems surreptitiously collect, possess, or otherwise obtain customers' Biometric Data without notifying them and without obtaining their consent.

*Use of Clearview AI's Biometric Database*

28.     Clearview AI is a software company that develops and distributes its facial recognition platform throughout the world, including in Illinois.  Clearview touts its system as a "revolutionary, all-in-one, facial recognition platform."  Clearview developed its massive database of billions of facial images (the "Biometric Database") by scouring open-access social media platforms such as Facebook, Twitter, and Instagram.

29.     Kohl's, among other retailers, uses Clearview's Biometric Database for security and other purposes at its stores.  After Kohl's uploads a local image into the app, Clearview's algorithm compares the facial geometry of the individual in the image to the billions of facial images in the Biometric Database to find a match.

30.     Through its use of Clearview's Biometric Database, Kohl's obtains, accesses, and uses the Biometrics in the database, including the Biometrics of Plaintiff and class members.

32.     Kohl's U.S. Privacy Policy acknowledges that its surveillance equipment may capture "audio, electronic, visual, thermal or similar information," and states that "Kohl's uses

cameras in its stores."[10]  The policy does not make any mention of Kohl's using Clearview AI's

Biometric Database, any other facial recognition software or algorithms, or face scans.  Neither

does the policy acknowledge that Kohl's collects, stores, or uses its customers' biometric

information in any way.

33.     To date, Kohl's has not publicly acknowledged its use of facial recognition

technology in the U.S.

III.     **DEFENDANT VIOLATED ILLINOIS' BIOMETRIC INFORMATION PRIVACY ACT**

40.     Kohl's continued use of facial recognition-enabled video surveillance systems at

its Illinois stores demonstrates that Kohl's has violated and continues to violate BIPA.  The

Company's system recognizes facial characteristics and features, and captures, collects, and

stores biometric data for later use by Kohl's.

41.     Separate from its in-store collection and storage of Illinois residents' biometric

information, Kohl's sends its customer's biometric information through Clearview's algorithm,

which is another method of capturing, collecting, possessing, and using Biometric Data from its

Illinois customers without their information or consent, and is in direct violation of the Illinois

Biometric Information Privacy Act.

44.     Unbeknownst to the average consumer, and in direct violation of §15(b)(1) of

BIPA, Kohl's scans, collects, and stores its customers' biometric information and identifiers in an

electronic database.  This occurs when customers, or prospective customers, enter into Kohl's

stores.  Kohl's engages in this practice without informing its customers in writing that it is using

surveillance technology that collects and stores biometric information.

---

[10]     https://www.kohls.com/feature/privacy-policy.jsp (last accessed August 25, 2022).

45. In direct violation of §§15(b)(2) and 15(b)(3) of BIPA, Kohl's did not inform Plaintiff and other Illinois residents – who were subjected to video surveillance recording within its stores – of the specific purpose and length of term for which their biometrics would be collected, stored, and used, nor did they obtain a written release from any of these individuals.

46. In direct violation of §15(a) of BIPA, Kohl's does not have written, publicly available policies identifying their retention schedules or guidelines for permanently destroying any of these biometric identifiers or biometric information.

47. In direct violation of §15(c) of BIPA, by sending customers' facial geometries through the Clearview Biometric Database, Kohl's engages in the selling, leasing, trading, or otherwise profiting from a person's Biometric Data.

48. In direct violation of §15(d) of BIPA, by sending customers' facial geometries through the Clearview Biometric Database, Kohl's discloses, rediscloses, or otherwise disseminates customers' Biometric Data without the requisite consent or authorization.

A. **Plaintiff Terry's Experience**

49. Plaintiff Terrell Terry is an Illinois resident. He has entered Kohl's stores on numerous occasions in the past three years.

50. For example, on August 15, 2022, Plaintiff Terry entered a Kohl's store located in Elmhurst, Illinois with three minor children. After entering the store and shopping, Plaintiff Terry checked out of the store and made numerous purchases.

51. On information and belief, each Illinois Kohl's location entered into by Plaintiff is equipped with a facial recognition-enabled video surveillance system.

52. Plaintiff did not know that Kohl's would collect, obtain, store, and/or use his biometric identifiers or biometric information. Plaintiff did not give informed written consent to

collect, obtain, store, and/or use his Biometric Data, nor was Plaintiff presented with or made aware of any publicly available retention schedule regarding his Biometric Data.

50. Likewise, Plaintiff was never provided with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage, or use of his unique biometric identifiers and/or biometric information.

51. By collecting, obtaining, storing, and using Plaintiff's Biometric Data without his consent, written or otherwise, Kohl's invaded Plaintiff's statutorily protected right to privacy in his Biometric Data.

52. In direct violation of §§15(b)(2) and 15(b)(3) of BIPA, Kohl's never informed Plaintiff of the specific purpose and length of time for which their Biometric Data would be collected, stored, and used, nor did Kohl's obtain a written release from Plaintiff.

53. In direct violation of §15(a) of BIPA, Kohl's does not have written, publicly available policies identifying their retention schedules or guidelines for permanently destroying any of Plaintiff's Biometric Data.

54. In direct violation of §15(c) of BIPA, by sending Plaintiff's facial geometries through the Clearview Biometric Database, Kohl's engages in the selling, leasing, trading, or otherwise profiting from Plaintiff's Biometric Data.

55. In direct violation of §15(d) of BIPA, by sending Plaintiff's facial geometries through the Clearview Biometric Database, Kohl's discloses, rediscloses, or otherwise disseminates Plaintiff's Biometric Data without the requisite consent or authorization.

## FRAUDULENT CONCEALMENT AND TOLLING

54.     Any applicable statute of limitations has been tolled by Defendant's knowing and active concealment of their unlawful conduct. Throughout the Class Period, Defendant affirmatively and fraudulently concealed their unlawful conduct.

55.     Plaintiff and Class members did not discover, nor could they have discovered through the exercise of reasonable diligence, the existence of the hidden and ambiguous privacy policies and terms of use.

56.     Further, the very nature of Defendant's conduct was secret and self-concealing. Defendant used advanced video management systems capable of facial recognition and capturing Biometric Data and other technologies without adequately informing impacted individuals that their Biometric Data was being collected and potentially disseminated.

57.     As a result of Defendant's fraudulent concealment, all applicable statutes of limitations affecting the claims of Plaintiff and the Class have been tolled.

## CLASS ALLEGATIONS

58.     **Class Definition**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 ("Rule 23") and seeks class certification of all claims for relief herein on behalf of a class defined as follows:

> All individuals who, while residing in the State of Illinois, had their Biometric Data collected, captured, received, obtained, stored, sold, leased, traded, disclosed, redisclosed, disseminated, and/or otherwise profited from and/or used by Defendant without their consent.

The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant has a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally

adjudicated on the merits or otherwise released; and (5) the legal representatives, successors, and assigns of any such excluded persons.

59.     **Numerosity**:  Members of the Class are so numerous that their individual joinder is impracticable.  Upon information and belief, members of the Class number in the thousands.  The precise size of the Class and Class members' identities are unknown to Plaintiff at this time but may be determined through discovery.  Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical.  Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.  Moreover, the Class is ascertainable and identifiable from Defendant's records.

60.     **Typicality**:  Plaintiff's claims are typical of the claims of the Class members because Plaintiff had his Biometric Data collected, used, and profited from by Kohl's upon use by their stores, and therefore, Plaintiff's claims arise from the same common course of conduct giving rise to the claims of the members of the Class and the relief sought is common to the Class.

61.     **Commonality and Predominance**:  Common and well-defined questions of fact and law exist as to all members of the Class and predominate over any questions affecting only individual class members.  These common legal and factual questions include, but are not limited to, the following:

    a)  whether Kohl's collected or otherwise obtained Plaintiff's and the Class's Biometric Data;

    b)  whether Kohl's properly informed Plaintiff and the Class that it collected, used, and stored their Biometric Data;

    c)  whether Kohl's obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff's and the Class's Biometric Data;

d) whether Kohl's developed and made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying Biometric Data when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

e) whether Kohl's used Plaintiff's and the Class's Biometric Data to identify them;

f) whether Kohl's violations of BIPA were committed intentionally, recklessly, or negligently;

g) whether Plaintiff and members of the Class sustained damages as a result of Kohl's activities and practices referenced above, and, if so, in what amount; and

h) whether Kohl's profited from the activities and practices referenced above, and, if so, in what amount.

62. **Adequate Representation**: Plaintiff has retained competent counsel experienced in prosecuting complex consumer class actions. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff and his counsel can fairly and adequately represent and protect the interests of the Class because their interests do not conflict with the interests of the Class Plaintiff seeks to represent. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

63. **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Moreover, even if every member of the Class could afford to pursue

individual litigation, the Court system could not. Individual litigation of numerous cases would be unduly burdensome to the courts. Individualized litigation would also present the potential for inconsistent or contradictory judgments, and it would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

### COUNT I
### Violation of 740 ILCS 14/1, *et seq.*
### (On Behalf of Plaintiff and the Class)

64.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

65.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant Kohl's.

66.     Section 15(a) of the BIPA requires that:

> [Any] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

67.     Section 15(b) of the BIPA makes it unlawful for any private entity to, among other things:

> [C]ollect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

68.     Section 15(c) of the BIPA makes it unlawful for any private entity to, among other things, "sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

69.     Section 15(d) of the BIPA makes it unlawful for any private entity to, among other things:

> [D]isclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information . . . consents to the disclosure or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information . . .; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

740 ILCS 14/15(d).

70.     Defendant Kohl's is a Delaware corporation and thus qualifies as a "private entity" under BIPA.  *See* 740 ILCS 14/10.

71.     Plaintiff and the Class members are individuals who had their biometrics collected and stored by Kohl's.  *See* 740 ILCS 14/10.

72.     Kohl's does not provide a written, publicly available retention schedule and guidelines for permanently destroying the Biometric Data of Plaintiff or Class members, as

required by BIPA. *See* 740 ILCS 14/15(a). Kohl's failure to provide such a schedule and guidelines constitutes an independent violation of the statute.

73. Kohl's systematically collected, used, and stored Plaintiff's and Class members' Biometric Data derived from Plaintiff's and Class members' facial geometry without first obtaining the written release required by 740 ILCS 14/15(b)(3), and thereby uniformly invaded Plaintiff's and each Class member's statutorily protected right to privacy in their biometrics. Likewise, Kohl's failed to properly inform Plaintiff or members of the Class in writing that their Biometric Data was being collected, stored, or otherwise obtained, and of the specific purpose and length of term for which those biometrics were being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

74. Kohl's knowingly sold, leased, traded, and/or otherwise profited from Plaintiff's and the BIPA Class's biometric identifiers and/or biometric information. *See* 740 ILCS 14/15(c).

75. Kohl's also disclosed, redisclosed, and/or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without obtaining the consent from Plaintiff and the Class and/or their authorized representatives. The disclosure, redisclosure, and/or dissemination by Defendant of Plaintiff's and the Class's biometric identifiers and/or biometric information was not to complete a financial transaction requested or authorized by Plaintiff or members of the Class, nor was the disclosure and/or redisclosure required by state or federal law, municipal ordinance, or required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. *See* 740 ILCS 14/15(d).

76. Plaintiff and the Class have been directly harmed by Defendant's violations of Sections 14/15(a)-(d) of BIPA. They have been deprived of their control over their valuable information and otherwise suffered monetary and non-monetary losses. By depriving Plaintiff and

the Class of control over their valuable information, Defendant misappropriated the value of their biometric identifiers and/or biometric information. Based on information and belief, Defendant has profited from its unlawful conduct.

71.     Each instance in which Kohl's collected, stored, used, or otherwise obtained Plaintiff's and/or members of the Class's Biometric Data as described herein constitutes a separate violation of the statutory right of Plaintiff and each Class member to keep private this Biometric Data, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

72.     On behalf of himself and members of the proposed Class, Plaintiff seeks:  (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Kohl's to comply with BIPA's requirements, including BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein, and for the provision of the requisite written disclosure to consumers; (2) statutory damages of $5,000 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or, alternatively, statutory damages of $1,000 for each and every violation pursuant to 740 ILCS 14/20(1) if the violations are found to have been committed negligently; and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## COUNT II
### Unjust Enrichment/Restitution
### (On Behalf of Plaintiff and the Class)

73.     Plaintiff hereby realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

74.     Kohl's was unjustly enriched by its unlawful misappropriation of Plaintiff's and the Class's Biometric Information. Through its unlawful conduct, Kohl's received and retained a benefit it otherwise would not have achieved. By depriving Plaintiff and the Class of control over

their valuable Biometric Information, Kohl's took control of and misappropriated the value of their Biometric Information. Kohl's conduct also exposed Plaintiff and the Class to a heightened risk of an invasion of their privacy.

75.     There is not another adequate remedy at law. It would be unjust and unfair for Kohl's to retain any of the benefits obtained from its unlawful misappropriation of Plaintiff's and the Class's Biometric Information. Kohl's should be ordered to disgorge the proceeds that it unjustly received from the misappropriation of Plaintiff's and the Class's Biometric Information.

**COUNT III**
**Request for Relief Under the Declaratory Judgment Act**
**28 U.S.C. §§2201, *et seq*.**
**(On Behalf of Plaintiff and the Class)**

76.     Plaintiff hereby realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

77.     Under the Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq.*, this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief. Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and that violate the terms of the statutes described herein.

78.     An actual controversy has arisen in the wake of Defendant's unlawful collection, disclosure, sale, and misuse of Plaintiff's and the Class's photographs and biometric identifiers and information without their consent, as alleged herein, in violation of Defendant's common law and statutory duties.

79.     Plaintiff continues to suffer injury and damages, as described herein, as Defendant continues to collect, disclose, sell, and misuse Plaintiff's and Class members' photographs and biometric identifiers and information.

80.     Pursuant to its authority under the Declaratory Judgment Act, this Court should enter a judgment declaring, among other things, the following:

(a) Defendant continues to owe a legal duty to not collect, disclose, sell, and otherwise misuse Plaintiff's and Class members' photographs and biometric identifiers and information under, among other things, the common law and the BIPA, 740 ILCS 14/1, *et seq*.

(b) Defendant continues to breach its legal duties to Plaintiff and Class members by continuing to collect, disclose, sell, and otherwise misuse Plaintiff's and Class members' photographs and biometric identifiers and information; and

(c) Defendant's ongoing breaches of its legal duty continue to cause Plaintiff and Class members harm.

81.     The Court should also issue corresponding injunctive relief, including, but not limited to, enjoining Defendant from engaging in the unlawful conduct alleged in this claim and requiring Defendant to delete all photographs and biometric identifiers and information of Plaintiff and Class members and cease further collecting of such information or engaging in any activities that would result in the disclosure, sale, or misuse of Plaintiff's and Class members' photographs and biometric identifiers and information. If an injunction is not issued, Plaintiff will suffer irreparable injury and lack an adequate legal remedy in the event the statutory or common law does not prohibit, among other things, the collection, disclosure, sale, and misuse of photographs and biometric identifiers and information. Illinois specifically constrains the collection, disclosure, and sale of biometric information and recognizes a person's right to maintain such personal information as private. In light of Defendant's pervasive flaunting of such rights, including the continued collection, disclosure, sale, and misuse of Plaintiff's and Class members' photographs

and biometric identifiers and information, the risk of continued violations of Illinois law and the common law is real, immediate, and substantial. Plaintiff does not have an adequate remedy at law because many of the resulting injuries are recurring and Plaintiff will be forced to bring multiple lawsuits to rectify the same conduct.

82.     The hardship to Plaintiff and the Class if an injunction is not issued exceeds the hardship to Defendant if an injunction is issued. On the other hand, the cost to Defendant of complying with an injunction by complying with Illinois law and the common law by ceasing to engage in the misconduct alleged herein is relatively minimal, and Defendant has a pre-existing legal obligation to avoid invading the privacy rights of consumers.

83.     Issuance of the requested injunction will serve the public interest by preventing ongoing collection, disclosure, sale, and misuse of photographs and biometric identifiers and information without consent, thus eliminating the injuries that would result to Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing his counsel as Class Counsel;

B.     Declaring that the actions of Kohl's, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C.     Awarding compensatory, non-compensatory, statutory, exemplary, and punitive damages;

D.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, among other things, an order requiring that Kohl's ensures its collection, storage, and usage of Biometric Data complies with BIPA;

E.      Awarding Plaintiff and the Class statutory damages of $5,000 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), and statutory damages of $1,000 for each and every negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

F.      Awarding restitution of all monies, expenses, and costs due to Plaintiff and the Class;

G.      Awarding Plaintiff and the Class reasonable litigation expenses and attorneys' fees;

H.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

I.      Awarding injunctive and other equitable relief, as necessary, to protect the interests of the Class, including, among other things, an order requiring Defendant to comply with the BIPA and enjoining Defendant from engaging in the unlawful conduct alleged herein; and

J.      Awarding such other and further relief as equity and justice may require.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands that this matter be tried before a jury.

Dated: August 30, 2022                    Respectfully submitted,

                                           *s/ Joseph P. Guglielmo*
                                          Joseph P. Guglielmo
                                          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                          The Helmsley Building
                                          230 Park Ave., 17th Floor
                                          New York, NY 10169
                                          Telephone: (212) 223-6444
                                          Facsimile:  (212) 223-6334
                                          jguglielmo@scott-scott.com

22

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: 866-252-0878
gklinger@milberg.com

Blake Hunter Yagman*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: 212-594-5300
byagman@milberg.com

*Pro Hac Vice forthcoming

Counsel for Plaintiff